**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **KEITH ALEXANDER ASHE** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. **PJM 17-2071** |
| | * | |
| **COLLEEN M. GUAY BRODER** | * | |
| | * | |
| Defendant. | * | |
| | ****** | |

| | | |
|---|---|---|
| **KEITH ALEXANDER ASHE** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. **PJM 17-2073** |
| | * | |
| **HERBERT JACOBI** | * | |
| | * | |
| Defendant. | * | |
| | ****** | |

| | | |
|---|---|---|
| **KEITH ALEXANDER ASHE** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. **PJM 17-2074** |
| | * | |
| **LAURA MCINTYRE** | * | |
| | * | |
| Defendant. | * | |
| | ****** | |

| | | |
|---|---|---|
| **KEITH ALEXANDER ASHE** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. **PJM 17-2076** |
| | * | |
| **KATHLEEN MEE** | * | |
| | * | |
| Defendant. | * | |

******

| | | |
|---|---|---|
| **KEITH ALEXANDER ASHE** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. **PJM 17-2077** |
| | * | |
| **DEBORAH E. WILSON** | * | |
| | * | |
| Defendant. | * | |

******

## **MEMORANDUM OPINION**

*Pro se* Plaintiff Keith Alexander Ashe has sued the above individual Defendants, all employees of the United States Department of Health and Human Services ("HHS"). In his Complaints, he alleges that each made defamatory statements about him in connection with administrative proceedings regarding whistleblower disclosures purportedly made by him. The Defendants have filed Motions to Substitute (ECF No. [9] in 17-2071; ECF No. [8] in 17-2073, 17-2074, 17-2076, 17-2077), arguing that the United States is the proper defendant in suits for allegedly tortious acts committed by government employees acting within the scope of their employment for the United States of America.

The Court will **GRANT** Defendants' Motions to Substitute (ECF No. [9] in 17-2071; ECF No. [8] in 17-2073, 17-2074, 17-2076, 17-2077).

2

## I. FACTS AND PROCEDURAL HISTORY

Ashe was employed at the National Institutes of Health ("NIH") for approximately nine years. 17-2071 Compl. at 2. During that period, he was supervised by Deborah Wilson, the Division Director of HHS' NIH Division of Occupational Health and Safety. 17-2071 Compl. at 2. He also worked with Laura McIntyre, an employer relationship specialist at HHS, and Herbert Jacobi, the Deputy Director of the Division of Occupational Health and Safety. 17-2073 Compl. at 2; 17-2074 Compl. at 2. Ashe states that he made whistleblower disclosures regarding the fabrication of an engineering regulatory report and contract fraud involving two NIH contractors, and that as a consequence of those disclosures, Wilson retaliated against him by requesting that, among other things, Ashe be suspended for 14 days and removed from Federal Government service. 17-2071 Compl. at 2. Broder was responsible for evaluating the evidence put forth by Ashe and Wilson regarding the dispute, and decided to suspend Ashe for fourteen days and to ultimately remove him from his position. 17-2071 Compl. at 2. Following Broder's decision, Ashe appealed his case to the United States Merit Systems Protection Board ("MSPB"), where HHS was represented by Kathleen Mee, Esquire. 17-2076 Compl. At 2. McInterye and Jacobi provided evidence that was reviewed both by Broder and the MSPB. 17-2074 Compl. at 3; 17-2073 Compl. at 3.

Ashe avers that each Defendant made defamatory statements in connection with his whistleblower proceedings. On May 1, 2017, he filed the five present Complaints in the District Court of Maryland for Montgomery County, seeking $5,000 in damages in each, a total of $25,000. On July 24, 2017, all five cases were removed to this Court. On July 26, Defendants filed Motions to Substitute (ECF No. 9 in 17-2071; ECF No. 8 in 17-2073, 17-2074, 17-2076, 17-2077) the United States as Defendant. Ashe has filed no opposition.

## II. ANALYSIS

Suits against employees of the United States for torts committed during the course of employment are governed by the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2679(b)(1). The FTCA provides that the <u>exclusive</u> remedy for such a suit is a suit against the "United States." 28 U.S.C. § 2674 (permitting FTCA suits only against the "United States" as a defendant). The FTCA does not provide for any remedy against federal employees in their own names for torts they allegedly commit during the course of their employment. Here, Ashe has alleged that Defendants, all HHS employees, made defamatory statements during the course of their involvement in his disciplinary proceedings, which is to say while in the scope of their employment. Under these facts, the FTCA provides that the exclusive remedy is a suit against the United States.

The FTCA also provides that, upon certification by the Attorney General that a federal employee was acting within the scope of his or her office or employment at the time of the incident out of which a state law claim arises, any civil action arising out of the incident shall be deemed an action brought against the United States, and the United States shall be substituted as the defendant with respect to those claims. 28 U.S.C. § 2679(d)(1). The Attorney General has delegated certification authority to the United States Attorneys. 28 C.F.R. § 15.3. Stephen M. Schenning, Acting United States Attorney for the District of Maryland, has made the appropriate certification for each Defendant in the present cases. (ECF No. 9-1 in 17-2071; ECF No. 8-1 in 17-2073, 17-2074, 17-2076, 17-2077).

Accordingly, the Court will **GRANT** Defendants' Motions to Substitute, ECF No. [9] in 17-2071; ECF No. [8] in 17-2073, 17-2074, 17-2076, 17-2077.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**September 14, 2017**