IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| KEITH ALEXANDER ASHE | * | | |
|---|---|---|---|
| Plaintiff | * | | |
| v. | * | Civil Nos. | **PJM 17-2071** |
| | * | | **PJM 17-2073** |
| THE UNITED STATES OF AMERICA | * | | **PJM 17-2074** |
| | * | | **PJM 17-2076** |
| Defendant. | * | | **PJM 17-2077** |

## MEMORANDUM OPINION

*Pro se* Plaintiff Keith Alexander Ashe has sued the United States in five separate, but related, actions. These actions arise out of previous litigation brought by Ashe in which he alleged that he was retaliated against after making whistleblower disclosures. Those cases (*Ashe v. Burwell*, PJM 16-cv-3423; *Ashe v. Price, Secretary*, PJM 17-1969; *Ashe v. Price, Secretary*, PJM 17-1986) were dismissed for failure to state a claim. He now brings claims for defamation against five individuals who were involved in the allegedly retaliatory actions at issue in the first cases. The Government has filed a Motion to Dismiss (ECF No. 24 in 17-2071; ECF No. 21 in 17-2073, 17-2074, 17-2076; and ECF No. 22 in 17-2077), arguing that Ashe has not filed suit under the correct statutory framework and that he has failed to exhaust his administrative remedies before filing the present lawsuit.

As discussed at length in the Court's Memorandum Opinion in *Ashe v. Burwell*, PJM 16-cv-3423, July 26, 2017, Ashe previously filed suit for retaliation under the Whistleblower Protection Act and the Whistleblower Protection Enhancement Act of 2012 (collectively the "WPA"), as well as Title VII of the Civil Rights Act of 1964 ("Title VII"). Ashe, an employee at the National Institutes of Health, alleged that that on April 18, 2013, he disclosed to Dr. Alfred

Johnson, the Director of Office of Research Services, that his supervisor asked him to fabricate an engineering regulatory report. He also stated that in February 2015, he disclosed to Johnson and others that a government contractor was committing contract fraud. Ashe averred that as a consequence of the foregoing disclosures, he was retaliated against in a number of ways, including disciplinary proceedings and suspension. This Court found that Ashe failed to state a claim under Title VII but in any case had failed to exhaust his administrative remedies.

Ashe's current cases attempt to relitigate the previous claims by couching them as common law defamation claims. He still gets no traction in this Court.

Nonetheless, even if he had legitimate grounds for suing for defamation, his causes of action would more properly be brought under the Civil Service Reform Act ("CSRA"), which is the exclusive remedy for complaints of non-discriminatory personnel actions connected with federal employment. *Elgin v. Dep't of Treasury*, 567 U.S. 1, 5 (2012) (quoting *United States v. Fausto*, 484 U.S. 439, 455 (1988)).

Finally, insofar as Ashe's claims appear to sound in tort, they would be barred because he failed to exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2675(a). A plaintiff may not file suit in federal court until the administrative claim is "finally denied by the agency in writing and sent by certified or registered mail," or until six months have passed without the agency making "final disposition" of the claim. *Id*. § 2675(a). Ashe filed his administrative tort claims on about August 7, 2017. Am. Compl., at 4. To date, the Agency has not made a "final disposition" of his claim, and six months have not elapsed since Plaintiff filed his claim. See *id*. ("Accordingly, administrative remedies will be exhausted in February 2018."). Therefore, Ashe has not exhausted his administrative remedies.

All this said, however, the Court **GRANTS WITH PREJUDICE** the Government's Motion to Dismiss (ECF No. 24 in 17-2071; ECF No. 21 in 17-2073, 17-2074, 17-2076; and ECF No. 22 in 17-2077).

A separate Order will issue.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**December 22, 2017**